MATHISON et al. v. RICKARD (CHICAGO, M. & ST. P. RY. CO., Garnishee.)

No. 2848.   Decided July 3, 1916.   (158 Pac. 787.)

GARNISHMENT—PROCEEDINGS—JURISDICTION. By direct provision of Laws 1913, c. 94, a debt owing to a defendant not personally served in the state with summons, the debt arising and being payable outside the state, is not garnishable by a nonresident, and, where the debt arises outside the state, it is presumed that it is payable outside the state; such statute.changing the rule theretofore existing.[1]

Appeal from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by Alfred Mathison and another, as copartners, against F. E. Rickard, in which the Chicago, Milwaukee & St. Paul Railway Company was garnisheed.

From a judgment for garnishee, plaintiffs appeal.

AFFIRMED.

[1] *Bristol* v. *Brent,* 38 Utah 58, 110 Pac. 356.

*Chris Mathison,* for appellants.

*Dey, Hoppaugh & Fabin,* for respondents.

STRAUP, C. J.

The plaintiffs, residents of Wyoming, filed a complaint in the city court of Salt Lake City against the defendant, a resident of Minnesota, to recover a money judgment for goods alleged to have been sold to him in Wyoming. At the same time the plaintiffs caused a writ of attachment to issue, and a writ of garnishment to be served at Salt Lake City on the respondent, a non-resident railway corporation with its principal office at Chicago, Ill., but owning and operating a line of railway in Minnesota, and maintaining an office and doing business in Salt Lake City. Personal service of summons was not had on the defendant. He was in the respondent's employ in Minnesota, and there worked for it as a brakeman on its line of railway, and where the contract of employment was made between him and the respondent, and where he was to perform, and did perform, his services under the contract, and with respect to which the indebtedness due him from respondent was created and arose, and where during his employment he always was paid, and where the respondent at its various division offices in Minnesota paid all of its employees in that state. The respondent, as garnishee, answered that it so, and not otherwise, was indebted to the defendant in a sum equal to the demands of the complaint, but denied that the indebtedness was subject to garnishment in this state without personal service of summons on the defendant. The court, holding with the respondent, quashed the garnishment. The plaintiffs appealed to the district court, where the same ruling was made and judgment rendered. From that judgment, the plaintiffs prosecuted an appeal to this court.

In *Bristol* v. *Brent,* 38 Utah 58, 110 Pac. 356, we held that:

"A debt that may be enforced in any jurisdiction by a person against his debtor may also by a creditor of such person be attached by garnishment in any jurisdiction where the debtor of such person may be found and served with process."

Thus, under such holding, since the defendant, though a non-resident, could come here and sue the respondent on the indebtedness due him from it, and here could personally serve it with process; so also could a non-resident creditor of the defendant come here and attach such indebtedness due the defendant from the respondent. But since that decision the Legislature passed this statute (Laws 1913, c. 94) :

"At the time of issuing a writ of attachment in an action, or at any time thereafter, the plaintiff may have a writ of garnishment issue, and thereupon attach the credits, effects, debts, choses in action, and other personal property of the defendant in the possession or under the control of any third person, as garnishee, for the security of any judgment the plaintiff may recover in such action against the defendant; but any indebtedness owing to a defendant not personally served in this state with summons, when such indebtedness arises and is payable outside the state, shall not be subject to attachment, garnishment or execution, except in cases where the plaintiff is a citizen of this state and sues in his own right, and not as an assignee; but in such cases these facts must affirmatively appear by affidavit served with the writ of attachment or garnishment. If such facts do not appear, then the garnishee shall be under no liability on account of such writ of attachment or garnishment. Where the indebtedness arises outside of the state the presumption is that it is payable outside of the state."

Notwithstanding our holding in *Bristol* v. *Brent,* is, as shown by the opinion, supported by good and binding authority, nevertheless it is quite evident that the Legislature intended to announce, and did announce, another and different rule.

The plaintiffs are non-residents of Utah. So is the defendant. He was not personally served in this state with summons. The indebtedness due the defendant from the respondent admittedly (by appellants' brief) did not, within the meaning of the act, arise in this state, but arose in Minnesota. In such case, declares the statute, the presumption is that the indebtedness also is payable outside of the state. Such an indebtedness under such circumstances, declares the Leg-

Appeal from Third District.

islature, ''shall not be subject to attachment, garnishment or execution.'' As the validity of the statute is not questioned, we see nothing further to argue or determine. That the Legislature intended to make an indebtedness under the circumstances disclosed not subject to attachment or garnishment is stated with precision. True, it is argued that, though the indebtedness arose out of the state and in Minnesota, and notwithstanding the statute, still, under the familiar rule that all debts accompany the creditor, authorize a demand upon the debtor anywhere, and, unless there be some special limitation or provisions with respect to the payment, are payable and suable wherever the debtor may be found, the debt garnished was payable and suable here. So we said in *Bristol* v. *Brent*. But that the Legislature said no longer should be the rule, and that a debt should not be subject to attachment or garnishment when it arose and is payable outside of the state, when the creditor, the defendant, was not personally served with summons in this state, and when his creditor suing or seeking the attachment or garnishment was himself a non-resident of the state, and that when the debt arose outside of the state it should be presumed that it also was payable outside of the state; that is, a debt which arose outside of the state is presumed to be also payable outside the state until it is shown by some special limitation or provision that payment was to be made within this state. That is not shown, and further is clearly negatived. Thus, as to attachments and garnishments, what was heretofore regarded as perambulatory and accompanying the creditor or debtor is now, within the limitations and restrictions imposed by the statute, given a situs. And, as the legislative mandate in such respect must prevail, it follows that the judgment must be affirmed.

Such is the order, with costs.

FRICK and McCARTY, J.J., concur.